EXHIBIT " A "

**HCDistrictclerk.com**    GARCIA, AGUSTIN vs. ALLSTATE TEXAS LLOYDS    6/3/2019
Cause: 201921070        CDI: 7        Court: 061

**APPEALS**
No Appeals found.

**COST STATMENTS**
No Cost Statments found.

**TRANSFERS**
No Transfers found.

**POST TRIAL WRITS**
No Post Trial Writs found.

**ABSTRACTS**
No Abstracts found.

**SETTINGS**
No Settings found.

**NOTICES**
No Notices found.

**SUMMARY**

CASE DETAILS                                          CURRENT PRESIDING JUDGE

| | | | | |
|---|---|---|---|---|
| **File Date** | 3/22/2019 | | Court | 061st |
| **Case (Cause) Location** | | | Address | 201 CAROLINE (Floor: 9) |
| **Case (Cause) Status** | Active - Civil | | | HOUSTON, TX 77002 |
| **Case (Cause) Type** | Debt/Contract - Consumer/DTPA | | | Phone:7133686070 |
| **Next/Last Setting Date** | N/A | | JudgeName | FREDERICKA PHILLIPS |
| **Jury Fee Paid Date** | 5/24/2019 | | Court Type | Civil |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| GARCIA, AGUSTIN | PLAINTIFF - CIVIL | | BEVERLY, C BRYAN |
| ALLSTATE TEXAS LLOYDS | DEFENDANT - CIVIL | | CAUSEY, JOHN MICHAEL |
| ALLSTATE TEXAS LLOYDS BY SERVING ITS REGISTERED AGENT CT CORPORATION | REGISTERED AGENT | | |
| 1999 BRYAN STREET SUITE 900, DALLAS, TX 75201-4284 | | | |

**INACTIVE PARTIES**
No inactive parties found.

**JUDGMENT/EVENTS**

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 5/24/2019 | JURY FEE PAID (TRCP 216) | | 0 | | | | |
| 5/24/2019 | ANSWER ORIGINAL PETITION | | 0 | | | CAUSEY, JOHN MICHAEL | ALLSTATE TEXAS LLOYDS |
| 5/24/2019 | JURY FEE PAID (TRCP 216) | | 0 | | | | |
| 3/22/2019 | JURY FEE PAID (TRCP 216) | | 0 | | | | |
| 3/22/2019 | ORIGINAL PETITION | | 0 | | | BEVERLY, C BRYAN | GARCIA, AGUSTIN |

**SERVICES**

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | ALLSTATE TEXAS LLOYDS BY SERVING ITS REGISTERED | 3/22/2019 | 3/25/2019 | | | | 73606388 | MAIL TO ATTORNEY |

AGENT CT
CORPORATION

1999 BRYAN STREET SUITE 900 DALLAS TX 75201

**DOCUMENTS**

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 85428729 | Defendant's Original Answer and Request for Disclosure | | 05/24/2019 | 5 |
| -> 85428730 | Defendant's Discovery Requests | | 05/24/2019 | 8 |
| 84464686 | Plaintiff's Original Petition | | 03/22/2019 | 16 |

 **CT Corporation**

**Service of Process Transmittal**
05/06/2019
CT Log Number 535435804

| | |
|---|---|
| **TO:** | L&R Home Office Intake Unit<br>Allstate Insurance Company<br>3075 Sanders Rd Ste G4A<br>Northbrook, IL 60062-7119 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | ALLSTATE TEXAS LLOYD'S, INC.  (Domestic State: TX) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | AGUSTIN GARCIA, PLTF. vs. ALLSTATE TEXAS LLOYDS, DFT.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | . |
| **COURT/AGENCY:** | ., .<br>Case # 201921070 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 05/06/2019 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | .<br>.<br>., . . |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/13/2019, Expected Purge Date: 05/18/2019<br><br>Image SOP<br><br>Email Notification,  L&R Home Office Intake Unit<br>LawSOPIntakeUnitCT@allstate.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



7016 0600 0001 1083 9334

Allstate TX Lloyds
c/o CT Corporation System
1999 Bryan St., Suite 900
Dallas, Tx 75201

CAUSE NO.   201921070

RECEIPT NO.                     0.00      MTA
            * * * * ** * * * *          TR # 73606388

| PLAINTIFF: GARCIA, AGUSTIN<br>vs.<br>DEFENDANT: ALLSTATE TEXAS LLOYDS | In The    61st<br>Judicial District Court<br>of Harris County, Texas<br>61ST DISTRICT COURT<br>Houston, TX |
| --- | --- |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE TEXAS LLOYDS BY SERVING ITS REGISTERED AGENT CT CORPORATION
    SYSTEM AT ITS REGISTERED ADDRESS
    1999  BRYAN STREET SUITE 900    DALLAS  TX  75201 - 4284
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 22nd day of March, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 25th day of March, 2019, under my hand and
seal of said Court.

Issued at request of:                      MARILYN BURGESS, District Clerk
BEVERLY, C BRYAN                           Harris County, Texas
26619  INTERSTATE 45 SOUTH                 201 Caroline, Houston, Texas 77002
THE WOODLANDS, TX  77380                   (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 861-0015
Bar No.: 24082688                          Generated By: CUERO, NELSON  7NM//11190224

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at __9__ o'clock _A_.M., on the __4__ day of _April_____, _2019_.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____                             _____

                                           _____ of _____County, Texas

                                           By _____
_____                   _____
        Affiant                                   Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                           _____
                                                    Notary Public

N.INT.CITR.P                    *73606388*

3/22/2019 4:43 PM
Marilyn Burgess - District Clerk Harris County
Envelope No 32177946
By: Nelson Cuero
Filed: 3/22/2019 4:16 PM

# 2019-21070 / Court: 061

CAUSE NO. _____

| | | |
|---|---|---|
| **AGUSTIN GARCIA.** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| vs. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYDS,** | § | |
| **Defendant.** | § | **____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Agustin Garcia ("Plaintiff"), and complains of Allstate Texas Lloyds ("Allstate"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### I.
### DISCOVERY LEVEL

1.    Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II.
### JURISDICTION AND VENUE

2.    This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, Venue is mandatory and proper in Harris County, Texas, in accordance with Tex. Civ. Prac. & Rem. Code § 15.002, as all or a substantial part of the events giving rise to this suit occurred within this county.

## III.
## PARTIES

3.    Plaintiff is an individual whose residence is located in [          ], Harris County, Texas.

4.    Defendant Allstate is a Texas insurer, which may be served with process by serving this Original Petition and a copy of the citation on its Registered Agent, CT Corporation System, at its registered address, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-4284.

## IV.
## FACTUAL BACKGROUND

5.    Plaintiff is a named insured under a residential property insurance policy issued by Allstate, insurance policy no. 000938906445 (the "Policy").

6.    On or about May 3, 2017, a storm hit the Harris County area and Plaintiff's property located at 17127 Mynor Woods Lane, [          ] (the "Property"), was damaged. Pursuant to the obligations under the Policy, Plaintiff timely filed an insurance claim.

7.    Subsequently, Allstate performed an unreasonable investigation resulting in Plaintiff's severly underpaid claim.

8.    The adjuster, assigned to the claim by Allstate, conducted a substandard investigation of the Property and damages, prepared a report that failed to include all of the covered damages present during the inspection, and undervalued the damages identified during the inspection

9.    More specifically, upon acceptance of the claim by Allstate, Allstate sent out Kevin Phillips to perform an inspection of the Property and Plaintifl's damages. On May 11, 2017,

Kevin Phillips discovered covered roof damage which purportedly did not exceed the Policy's $1,856.00 deductible.

10.     In an effort of performing his due diligence, Plaintiff sought an additional and competent opinion from BNRB Construction. BNRB Construction found that the total amount to perform this job properly was $37,248.99 on a replacement-cost basis before the policy deductible, not $409.92, as Allstate represented.

11.     It is clear that Allstate's unreasonable investigation was the cause of Plaintiff's underpaid claim.

12.     Further, Allstate's performance of this incomplete and unreasonable investigation of Plaintiff's claim, led directly to a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.

13.     As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Allstate. Therefore, Plaintiff has been forced to file this suit in order to recover damages arising from the above-referenced conduct and from the unfair refusal to pay insurance benefits in accordance with the Policy.

14.     As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## V.
## CLAIMS AGAINST DEFENDANT

15.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

16.     All conditions precedent to recovery by Plaintiff have been met or have occurred.

17. All acts by Allstate were undertaken and completed by its officers, agents, servants, employees, and representatives. Such were either done with the full authorization or ratification of Allstate and were completed in its normal and routine course and scope of employment with Allstate.

## 1. BREACH OF CONTRACT

18. According to the insurance coverage that Plaintiff purchased from Allstate, Allstate had the absolute duty to reasonably investigate Plaintiff's damages, and to properly pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

19. As a result of the storm-related event, Plaintiff suffered devastating damages under the Policy.

20. Despite objective evidence of such damages, Allstate has breached its contractual obligations under the Policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this material breach, Plaintiff has suffered actual and consequential damages.

## 2. VIOLATIONS OF THE TEXAS DTPA AND TIE-IN-STATUTES

21. Allstate's collective actions constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to, Sections 17.46(b)(5), (7), (12), (24), and Sections 17.50(a)(3), (4) of the Texas Business & Commerce Code. Specifically in violation of Section 17.46(b), Allstate collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

> *17.46(b)(5)* - Representing that its Policy, coverage and claim adjustment services had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they did not have;

*17.46(b)(7)* - Representing that its Policy, coverage and claim adjustment services were of a particular standard, quality, or grade, and that the Policy was of a particular style or model, when they were of another;

*17.46(b)(12)* - Representing that the Policy conferred or involved rights, remedies, or obligations which it did not have or involve; and

*17.46(b)(24)* - Failing to disclose information concerning the Policy, coverage and claim adjustment services which were known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

22.      Moreover, and specifically in violation of Section 17.50(a), Allstate collectively engaged in the use of false, misleading and deceptive acts or practices outlined above, to which Plaintiff relied on to his detriment, in addition to engaging in the following:

*17.50(a)(3)* - An unconscionable action or course of action; and

*17.50(a)(4)* - Violating Chapter 541 of the Texas Insurance Code.

23.      As described in this Original Petition, Allstate represented to Plaintiff that the Policy and Allstate's adjusting and investigative services had characteristics or benefits that they actually did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.

24.      As described in this Original Petition, Allstate represented to Plaintiff that the Policy and Allstate's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which also stands in violation of Section 17.46(b)(7) of the DTPA.

25.      By representing that Allstate would pay the entire amount needed (minus the Policy deductible) by Plaintiff to repair the damages caused by the storm event and then not

doing so, Allstate has violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a)(3) - (4) of the DTPA.

26.     Allstate's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

27.     Allstate's conduct, acts, omissions, and failures, as described in this Original Petition, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

28.     Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from Allstate. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by Allstate to his detriment. As a direct and proximate result of Allstate's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Allstate are a producing cause of Plaintiff's damages that are described in this Original Petition.

29.     As a result of Allstate's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Allstate having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the

amount of mental anguish and actual damages due to Allstate having intentionally committed such conduct.

30.     As a result of Allstate's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

### 3. VIOLATIONS OF TEXAS INSURANCE CODE

A. SECTION 541

31.     Allstate's actions constitute numerous violations of the Texas Insurance Code, including Sections 541.051, 541.060(a) and 541.061.     Under Section 541.051, Allstate committed the following unfair and deceptive acts or practices in the business of insurance:

> *541.051(1)(A)* - Making statements misrepresenting the terms of the Policy; and
>
> *541.051(1)(B)* - Making statements misrepresenting the benefits of the Policy.

32.     Continuing, in violation of Section 541.060(a), Allstate engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

> *541.060(a)(1)* - Misrepresenting a material fact or policy provision relating to coverage;
>
> *541.060(a)(2)(A)* - Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;
>
> *541.060(a)(3)* - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

*541.060(a)(4)(A)* - Failing to affirm or deny coverage of a claim or to submit a reservation of rights within reasonable time;

*541.060(a)(5)* - Refusing, failing, or delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that other parties may be liable for damages, unless specifically provided in the Policy; and

*541.060(a)(7)* - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

33.     Further, Allstate violated Section 541.061 of the Texas Insurance Code, by

committing unfair and deceptive acts or practices in the business of insurance to misrepresent an

insurance policy by:

*541.061(1)* - Making an untrue statement of material fact;

*541.061(2)* - Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

*541.061(3)* - Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

*541.061(5)* - Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

**B. SECTION 542**

34.     Allstate's actions constitute numerous violations of Chapter 542 of the Texas

Insurance Code, including but not limited to, Sections 542.003 and 542.055 - 542.060. Section

542.003 of the Texas Insurance Code expressly prohibits certain unfair settlement practices as

they relate to claims by insured parties of insurance policies. Based upon the conduct of Allstate

to date, Allstate has thus far committed the following prohibited practices:

*542.003(b)(1)* - Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

*542.003(b)(2)* - Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the Policy;

*542.003(b)(3)* - Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

*542.003(b)(4)* - Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

*542.003(b)(5)* - Compelling Plaintiff, a policyholder, to institute a suit to recover the amount due under the Policy by offering substantially less than the amount ultimately recovered in a suit brought by Plaintiff.

35. Allstate has violated Sections 542.055, 542.056 and 542.058 of Chapter 542 of the

Texas Insurance Code in its failure to adhere to the statutorily-prescribed deadlines in the

handling, adjustment and payment of insurance claims. More specifically, Allstate committed the

following violations:

> *542.055(a)(3)* - Failing to request from the Plaintiff all items, statements, and forms that Allstate reasonably believes, at the time, was required from Plaintiff, within 15 days after Allstate received notice of Plaintiff's claim;

> *542.056(a)* - Failing to notify Plaintiff in writing of acceptance or rejection of a claim not later than the 15th business day after the date Allstate received all items, statements, and forms required for Allstate to secure final proof of loss; and

> *542.058(a)* - Failing to, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, Allstate delayed payment of the claim for a period exceeding the period more than 60 days.

36. As a result of the above-referenced violations and acts committed by Allstate, and

in accordance with Section 542.060 of the Texas Insurance Code, Allstate is liable to pay

Plaintiff, in addition to the amount of the claim, simple interest on the amount of the claim as

damages each year at the rate determined on the date of judgment by adding five percent to the

interest rate determined under Section 304.003, Finance Code, together with reasonable and

necessary attorney's fees. Plaintiff is also entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

37.  Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Allstate's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Allstate having knowingly committed such conduct.

38.  Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Allstate having intentionally committed such conduct.

39.  As a result of Allstate's Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his court costs, reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Section 541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## 4. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

40.  Allstate has breached its common law duty of good faith and fair dealing by underpaying Plaintiff's claim, inadequately adjusting Plaintiff's claim and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for Allstate's coverage decision.

## VI.
## WAIVER AND ESTOPPEL

41.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

42.     Allstate has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## VII.
## DAMAGES

43.     Allstate's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

44.     More specifically, Plaintiff seeks monetary relief of no more than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

45.     Furthermore, Allstate's conduct was committed knowingly and intentionally. Accordingly, Allstate is liable for additional damages under Section 17.50(b)(1) of the DTPA, as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to statutory penalty interest damages allowed by Section 542.060 of the Texas Insurance Code.

## VIII.
## ATTORNEY FEES

46.     In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

47.     Plaintiff seeks attorney fees on a contingency fee basis. If the attorney fees must be broken down into an hourly rate, Plaintiff seeks attorney fees at $350 per hour.

48.     Attorney's fees are awarded to the party as part of the damages owed by an insurance company that violates Chapter 542 of the Texas Insurance Code. We believe it consistent with the statute's purpose to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The spectre of large attorney's fees serves as additional incentive to the insurance company to respond promptly and diligently to its insured's claims. *Mid-Century Ins. Co. v. Barclay*; 880 S.W.2d 807 (Tex. App 1994).

## IX.
## JURY DEMAND

49.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## X.
## WRITTEN DISCOVERY PROPOUNDED TO ALLSTATE

### A. REQUEST FOR DISCLOSURE

50.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Allstate disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

### B. REQUEST FOR PRODUCTION

51.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production:

    a.     Please produce Allstate complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and

drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim:

    b.    Please produce the CV of the individual responding to these discovery requests;

    c.    Please produce the underwriting files referring or relating in any way to the Policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file;

    d.    Please produce certified copy of the Policy pertaining to the claims involved in this suit;

    e.    Please produce the electronic diary, including the electronic and paper notes made by Allstate claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims;

    f.    Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit;

    g.    Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim;

    h.    Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property;

    i.    Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s); and

    j.    Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Allstate intends to offer these items into evidence at trial.

## C. INTERROGATORIES

52.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories:

    a.    Please identify any person Allstate expects to call to testify at the time of trial;

    b.    Identify the individual responding to these discovery requests on behalf of Defendant, including his or her name, current occupation, and role in the claim;

c.     Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement;

d.     If Allstate or Allstate's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Allstate or any of Allstate's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step;

. e.     Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Allstate's investigation;

f.     Please state the following concerning notice of claims and timing of payment:

    i.     The date and manner in which Allstate received notice of the claim;

    ii.     The date and manner in which Allstate acknowledged receipt of the claim;

    iii.     The date and manner in which Allstate commenced investigation of the claim;

    iv.     The date and manner in which Allstate requested from the claimant all items, statements, and forms that Allstate reasonably believed, at the time, would be required from the claimant; and

    v.     The date and manner in which Allstate notified the claimant in writing of the acceptance or rejection of the claim.

g.     Please identify by date, amount and reason, the insurance proceed payments made by Allstate, or on Allstate's behalf, to the Plaintiff;

h.     Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim;

i.     The date Allstate anticipated litigation;

j.     Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Allstate's document retention policy;

k.    Does Allstate contend that the insured premises was damaged by storm-related events and/or any excluded peril?    If so, state the general factual basis for this contention:

l.    Does Allstate contend that any act or omission by the Plaintiff voided, nullified, waived or breached the Policy in any way? If so, state the general factual basis for this contention;

m.    Does Allstate contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?    If so, state the general factual basis for this contention;

n.    The conditions precedent, if any, you contend Plaintiff has not satisfied under the Policy;

o.    . How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?    State the following:

       i.    What performance measures are used; and
      ii.    Describe Allstate's bonus or incentive plan for adjusters.

## XI.
## CONCLUSION AND PRAYER

53.    Plaintiff prays that judgment be entered against Allstate Texas Lloyds, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Allstate Texas Lloyds, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted.

## THE VOSS LAW FIRM, P.C.

*s   C. Bryan Beverly*
C. Bryan Beverly
Texas Bar No. 24082688
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
bryan@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**

5/24/2019 3:29 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33864247
By: Miaeda Hutchinson
Filed: 5/24/2019 3:29 PM

CAUSE NO.   2019-21070

| | | |
|---|---|---|
| AGUSTIN GARCIA, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ALLSTATE TEXS LLOYD'S, | § | |
| | § | |
| *Defendant.* | § | |
| | § | 61ST JUDICIAL DISTRICT |

### **DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Texas Lloyds, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### **I.**

### **GENERAL DENIAL**

At this time Defendant asserts a general denial to Plaintiff's Original Petition and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to require Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### **II.**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

## III.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because conditions precedent to Plaintiff's recovery have not occurred.  For example, and without limitation, Plaintiff failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by § 17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

## IV.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of Plaintiff's claims are excluded by the applicable insurance policy.

## V.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiff's pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiff or others.   Accordingly, Plaintiff's claims are barred or must be reduced under the doctrine of contributory or comparative fault.

## VI.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to cooperate in the handling of his claim, as required by the policy.

## VII.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because such an award would violate

2

Defendant's due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

## VIII.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## IX.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## X.

## NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## XI.

## TENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

COMES NOW, Defendant and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the amount of $ 40.00 as jury fee.

Unofficial Copy Office of Maily Burgess District Clerk

## REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 190 and 194 Defendant requests Plaintiff disclosure, within thirty (30) days from the date this request is served, the information or materials described in Rule 190.2(b)(6) and 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Texas Lloyd's prays that the Plaintiff recover nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

/s/ *John M. Causey*
John M. Causey
State Bar No.
P.O. Box 3188
Conroe, TX 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

*ATTORNEY FOR DEFENDANT*

Please be advised that the ***only*** valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com.

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer and Request for Disclosure has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer and Request for Disclosure has been delivered to all interested parties on 24 May, 2019, correctly addressed to:

*Via E-Serve*

C. Bryan Beverly
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
bryan@vosslawfirm.com

*ATTORNEY FOR PLAINTIFF*

/s/ *John M. Causey*
John M. Causey

5

5/24/2019 3:29:51 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 33864247
By: HUTCHINSON, MIAEDA A
Filed: 5/24/2019 3:29:51 PM

## CAUSE NO.   2019-21070

| | | |
|---|---|---|
| **AGUSTIN GARCIA,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| **ALLSTATE TEXAS LLOYD'S,** | § | **61ST JUDICIAL DISTRICT** |
| *Defendant.* | § | |

### DEFENDANT'S FIRST REQUESTS FOR PRODUCTION, FIRST SERIES OF INTERROGATORIES, and FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF(S)

**TO:   Plaintiff, Agustin Garcia, by and through his attorneys of record, C. Bryan Beverly, The Voss Law Firm, P.C., 26619 IH-45 S, The Woodlands, TX, 77380**

COMES NOW, Allstate Texas Lloyd's, the Defendant in the above styled and numbered cause of action and pursuant to Rules 192, 196, 197, and 198 of the Texas Rules of Civil Procedure, files the attached:

### A.   FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF(S):

The requested documents and materials shall be produced for inspection and copying at the law offices of HOPE & CAUSEY, P.C., at the address of P. O. Box 3188, 815 W. Davis St., Suite 300, Conroe, Texas, 77305, at 5:00 o'clock p.m., thirty (30) days from the date of your receipt of these requests; or copies of the documents and items may be attached to your written response.

Under the Texas Rules of Civil Procedure, you are further charged with The Duty to Supplement your answers, not less than thirty (30) days prior to the beginning of trial, if you later obtain information upon the basis of which you (a) know that the answer was incorrect when made, or (b) know that though correct when made is no longer true and the circumstances are such that a failure to amend is in substance misleading; or (c) as otherwise required.

Further, if any information, documents or materials are being withheld from the Defendant's Requests for Production upon a claim of privilege, pursuant to Rule 193.3 of the Texas Rules of Civil Procedure, the Defendant asks the Plaintiff(s) to provide a privilege log identifying the information and materials withheld and to which specific discovery request the privilege pertains and the privilege asserted;

**B.     FIRST SERIES OF INTERROGATORIES TO PLAINTIFF(S)**:

You are advised that your answers to such Interrogatories shall be answered separately and fully, in writing, and under oath thirty (30) days from the date of the service of these Interrogatories.   Your answer to an Interrogatory shall be preceded by the question or Interrogatory to which the answer pertains; if there is insufficient space for your answers, please use another page.   These Interrogatories and your sworn answers may be offered as evidence at the trial of this cause.   Under the Texas Rules of Civil Procedure, you are further charged with the duty to amend or supplement your answers, not less than thirty (30) days prior to the beginning of trial, if you later obtain information upon the basis of which you (a) know that the answer was incorrect when made, or (b) know that though correct when made is no longer true and the circumstances are such that a failure to amend is in substance misleading; and

**C.     FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF(S)**.

Respectfully submitted,

HOPE & CAUSEY, P. C.

/s/ *John M. Causey*

John M. Causey
State Bar No. 04019100
P.O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

*ATTORNEY FOR DEFENDANT*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Rule 191.5 of the Texas Rules of Civil Procedure, I hereby certify that the Defendant's First Requests for Production, First Series of Interrogatories, and First Requests for Admissions to Plaintiff(s) has been delivered to all interested parties on May 24, 2019, correctly addressed to:

***Via E-Serve***

C. Bryan Beverly
The Voss Law Firm, P.C.
26619 IH-45 S
The Woodlands, TX 77380
brian@vosslawfirm.com

*ATTORNEY FOR PLAINTIFF*

/s/ *John M. Causey*
_____
John M. Causey

## A.   FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF(S)

**REQUEST FOR PRODUCTION NO. 1**   For any consulting expert whose work product has been reviewed or relied on by any expert who may be called as a witness, please produce any and all documents and tangible things provided by Plaintiff(s) as part of the expert's preparation.

**REQUEST FOR PRODUCTION NO. 2**   Please produce any and all documents and tangible things showing or supporting the facts and opinions to which any consulting expert whose report or work product will be relied upon in whole or in part or reviewed by testifying expert witnesses in this case, reviewed or relied on, the grounds of the expert's opinion, and the expert's conclusions. This request is intended to include, but is not limited to, any report by the expert, any exhibit to be used in presenting the expert's opinions, and any notes made by the expert relating to this suit.

**REQUEST FOR PRODUCTION NO. 3**   Any and all photographs and/or videotapes of the residence made the basis of this case and/or which you contend are related to the subject of this litigation.

**REQUEST FOR PRODUCTION NO. 4**   All documents you will use or attempt to utilize as exhibits or for any other reason at the trial of this matter on its merits.

**REQUEST FOR PRODUCTION NO. 5**   Produce any and all reports written by inspectors, roofers, public adjusters or contractors regarding the residence made the basis of this case received for any reason or at any time prior to the date the suit was filed. (This request is limited to documents obtained within five (5) years from the date suit was filed).

**REQUEST FOR PRODUCTION NO. 6**   Produce any and all receipts, contracts, invoices, work orders/reports and bills from your inspectors, roofers, public adjusters, estimator or contractors regarding the residence made the basis of this case received for any reason since the date of your alleged loss.

**REQUEST FOR PRODUCTION NO. 7**   Produce any and all correspondence and contracts with any person who performed any service on behalf of the Plaintiff(s) during this claim, including without limitation any representative of the Plaintiff(s) or any contractor, roofer, public adjuster, estimator, or other person purporting to be a representative of Plaintiff(s) in this lawsuit.

**REQUEST FOR PRODUCTION NO. 8**   Produce any and all copies of the Attorney Client Fee Contract executed by yourself and all of your attorneys of record in this lawsuit.

**REQUEST FOR PRODUCTION NO. 9**   Any and all documents which support that Plaintiff(s) instructed Defendant(s) to investigate a loss at the residence.

**REQUEST FOR PRODUCTION NO. 10**   All photographs, estimates and repair bills pertaining to the residence made the subject of this lawsuit at any time and for any reason.

**REQUEST FOR PRODUCTION NO. 11**  A copy of any and all inspections, relating to your alleged loss, which Plaintiff(s) have requested be done at the residence made the basis of this suit since the date of your alleged loss.

**REQUEST FOR PRODUCTION NO. 12**  Please produce all estimates, appraisals, receipts, and invoices for any work performed, relating to your alleged loss, on or in the covered property from the date of your alleged loss until the present.

**REQUEST FOR PRODUCTION NO. 13**  Please produce all documents which you contend evidence Defendant's violations of the Texas Insurance Code as outlined in Plaintiff(s) Petition.

**REQUEST FOR PRODUCTION NO. 14**  Please produce all documents which you contend evidence Defendant(s) breach of the duty of good faith and fair dealing as outlined in Plaintiff(s) Petition.

**REQUEST FOR PRODUCTION NO. 15**  Please provide any and all agreements for settlement, indemnification, compromise, guarantee, or any other kind of agreement which you have entered into with any party or non-party as a result of or relating to the incident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 16**  Please provide any documents obtained from this Defendant(s) which you contend are relevant in this lawsuit.

**REQUEST FOR PRODUCTION NO. 17**  Copies of all documents, evidencing the actual age of your roof, for which you make a claim, on the covered property.

**REQUEST FOR PRODUCTION NO. 18**  Produce copies of all correspondence between Plaintiff(s) and Defendant(s).

**REQUEST FOR PRODUCTION NO. 19**  All documents evidencing the time spent by Plaintiff'(s) counsel and/or staff in connection with the performance of legal services for the Plaintiff(s) in this lawsuit.

**REQUEST FOR PRODUCTION NO. 20**  Any and all documents and things prepared by, shown to, relied upon, referred to and/or reviewed by any fact witness or testifying expert witness in preparation for or while giving testimony in this case.

**REQUEST FOR PRODUCTION NO. 21**  Any diaries, social media posts, calendars, lists, or notes kept by Plaintiff(s) regarding or related in any way to the incident made the basis of this lawsuit, Plaintiff(s) alleged injuries and/or damages, or any events occurring thereafter.

**REQUEST FOR PRODUCTION NO. 22**  Please produce any and all documents identified, referred to, and/or relied upon in developing Plaintiff(s) Petition and/or Complaint including any amendments thereto.

**REQUEST FOR PRODUCTION NO. 23**  Please produce any documents which prove your allegation of fraud.

## B.  FIRST SERIES OF INTERROGATORIES TO PLAINTIFF(S)

**INTERROGATORY NO. 1** Please list the names, addresses and telephone numbers of all person answering these Interrogatories.

**INTERROGATORY NO. 2** Please identify by name, address, and telephone number each of the Plaintiff(s) expected trial witnesses.

**INTERROGATORY NO. 3** You have claimed that you sustained a covered loss. For each such alleged loss, please identify the damage by stating the following:

    (a)    the location of the damage;
    (b)    the cause of the damage;
    (c)    the date the damage occurred;
    (d)    who discovered the damage;
    (e)    the date the damage was discovered;
    (f)    the date the damage was repaired;
    (g)    a description of any repairs or attempt to mitigate the damage; and
    (h)    the name and address of the person or entity that repaired the damage.

**INTERROGATORY NO. 4** Please state the dates and amounts of any requests for additional living expenses payments which you claim have not been paid or were not timely paid.

**INTERROGATORY NO. 5**  With respect to your contention that an award of your exemplary damages should be assessed against Defendant(s) please describe in factual detail the acts of omissions of Defendant(s) that you contend were either fraudulent or malicious.

**INTERROGATORY NO. 6**  Please explain anything you have done to repair or replace any of the damaged property which is the basis of this litigation and identify any documents which show your costs incurred in repairing or replacing the damaged property.

**INTERROGATORY NO. 7**  Please state the facts which support your contention that Defendant(s) violated the Texas Insurance Code.

**INTERROGATORY NO. 8**  Please state the age of the roof and list any repairs made in the last five (5) years.

**INTERROGATORY NO. 9**

Is Plaintiff(s) making a claim for damages to the interior of the residence?   For each such alleged loss, please identify the damage by stating the following:

(a)     the location of the damage;
(b)     the cause of the damage;
(c)     the date the damage occurred;
(d)     who discovered the damage;
(e)     the date the damage was discovered;
(f)     the date the damage was repaired;
(g)     a description of any repairs or attempt to mitigate the damage; and
(h)     the name and address of the person or entity that repaired the damage.

**INTERROGATORY NO. 10**

Please state the factual basis for each of your causes of action asserted against this Defendant.

## C.   FIRST REQUESTS FOR ADMISSIONS TO PLAINTIFF(S)

**REQUEST FOR ADMISSION NO. 1**
Defendant(s) investigated and evaluated Plaintiff(s) claim.

**REQUEST FOR ADMISSION NO. 2**
Plaintiff(s) property did not sustain damage as a result of the storm that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 3**
Plaintiff(s) roof did not sustain damage as a result of the storm that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 4**
The storm did not create openings in Plaintiff(s) roof whereby water leaked into the interior of Plaintiff(s) home causing damage.

**REQUEST FOR ADMISSION NO. 5**
The exterior of Plaintiff(s) home did not sustain damage as a result of the storm that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 6**
Plaintiff(s) property did not sustain damage as a result of the storm that makes the basis of this lawsuit.

**REQUEST FOR ADMISSION NO. 7**
Plaintiff(s) roof did not sustain damage as a result of the storm.

**REQUEST FOR ADMISSION NO. 8**
The exterior of Plaintiff(s) home did not sustain damage as a result of the storm.

**REQUEST FOR ADMISSION NO. 9**
Plaintiff(s) personal property was not damaged as a result of the storm.

**REQUEST FOR ADMISSION NO. 10**
Defendant's investigation of Plaintiff(s) damage was reasonable.

**REQUEST FOR ADMISSION NO. 11**
Defendant(s) did physically inspect Plaintiff(s) property.

**REQUEST FOR ADMISSION NO. 12**
Defendant(s) did provide a copy of its estimate and/or adjustment to the Plaintiff(s).

**REQUEST FOR ADMISSION NO. 13**
Defendant(s) did explain the adjustment to Plaintiff(s).

**REQUEST FOR ADMISSION NO. 14**
Defendant(s) properly inspected and adjusted Plaintiff(s) claim.

**REQUEST FOR ADMISSION NO. 15**
Defendant(s) did not perform an outcome-oriented investigation of Plaintiff(s) claim.

**REQUEST FOR ADMISSION NO. 16**
Defendant(s) did conduct a reasonable investigation of Plaintiff(s) damage.

**REQUEST FOR ADMISSION NO. 17**
Defendant(s) did not engage in false, misleading, and/or deceptive acts or practices in the business of insurance in the handling of Plaintiff(s) claim.

**REQUEST FOR ADMISSION NO. 18**
Defendant(s) did not make material false representations to Plaintiff(s).

**REQUEST FOR ADMISSION NO. 19**
Defendant(s) did not make material false promises to Plaintiff(s).